**LONG EN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5306–ag.

United States Court of Appeals, Second Circuit.

Sept. 26, 2008.

Long En Zheng, New York, NY, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Long En Zheng, a native and citizen of the People's Republic of China, seeks review of the October 31, 2007 order of the BIA denying his motion to reopen. *In re Long En Zheng,*[1] No. A77 340 280 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265

---

1. The BIA's order lists Petitioner's name as Long Ern Zhen.

F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that Zheng has waived any challenge to the BIA's findings that he failed to file an application for asylum setting forth his new claim as required by the regulations. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice); *see also* 8 C.F.R. § 1003.2(c)(1). Similarly, Zheng has waived any challenge to the BIA finding that he failed to provide any evidence that repatriated Chinese nationals are tortured upon return to China, or that they will be forcibly sterilized there. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7. While it is true that we will construe a *pro se* petitioner's arguments broadly, *see Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002), Zheng's failure to make any cognizable argument that could be construed as a challenge to the BIA's denial of his motion to reopen is dispositive of his petition for review.

Even if Zheng had not waived these arguments, we would find that the BIA did not abuse its discretion in denying his motion to reopen. It is undisputed that Zheng's motion was untimely. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that his motion did not qualify for an exception to the time limitation. *See id.* It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an *exception to the filing deadline for motions to reopen* ); *see also Wei*

*Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir.2006) ("it would be ironic, indeed, if petitioners who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

For the foregoing reasons, the petition for review is DENIED.